IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2007

No. 07-20276
Summary Calendar

Charles R. Fulbruge III
Clerk

ROBERT ARREDONDO

Plaintiff-Appellant

V.

GULF BEND CENTER

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-CV-1580

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Robert Arredondo alleged in a pro se suit against his former employer Gulf Bend Center that he lost his job as a Mental Health Counselor because of sex discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, and discrimination prohibited by the Americans with Disabilities Act ("ADA"). The district court granted summary judgment in favor of the defendant, and Arredondo appeals. Applying de novo review, Nasti v. CIBA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Specialty Chemicals Corp.*, 492 F.3d 589, 592 (5th Cir. 2007), we affirm for the following reasons.

1.   Gulf Bend Center provides care to mental health and mental retardation patients, who it refers to as "consumers." On May 3, 2005, staff members called Arredondo for assistance with a consumer in crisis. The consumer had become verbally abusive and physically threatening to staff and other consumers. Arredondo took charge of the consumer and, without consulting his supervisor, took the consumer for a ride in his personal vehicle to calm him. Upon learning of these events, Richard Wright, Arredondo's immediate supervisor, called Arredondo on his cell phone and instructed him to return immediately to the Center. Wright and Ernest Moss, the Director of Clinical Services, met with Arredondo and were concerned because no other staff members had been present in Arredondo's vehicle to assist if the consumer again became violent or abusive. Wright reported the incident to the Texas Department of Family and Protective Services, but the Department declined to open an investigation and referred the matter back to the Center for administrative review because the consumer had not been injured.

2.   The Center considered Arredondo's actions to be contrary to its policies concerning consumer care and safety and in derogation of his training. Director of Human Resources Scott Granz placed Arredondo on paid administrative leave pending an investigation. Granz and Moss subsequently recommended to the Director of Administrative Services that Arredondo be terminated for exercising poor clinical judgment. Arredondo provided a response to the recommendation and was told that a decision would be made by May 11, 2005. On May 10, 2005, however, Arredondo's attorney sent a letter to the Center referring to Arredondo's "former

employment." The Center construed this letter as Arredondo's resignation.

3.  Approximately one month before the incident described above, Arredondo had made a complaint of sexual harassment against a co-worker. Granz investigated the complaint and in a letter to Arredondo dated April 26, 2005, stated that he was unable to find harassment because there were no witnesses. He also indicated that he had intended to have the alleged offender attend additional workplace training but she had subsequently resigned for unrelated reasons. Arredondo was given the letter on May 2, 2005, and he indicated that he was satisfied with the investigation. The incident with Arredondo transporting the consumer in his vehicle occurred the next day.

4.  Arredondo alleged in the district court that he was terminated due to his sex, in violation of 42 U.S.C. § 2000e-2(a). Arredondo has not pursued this claim on appeal, and his failure to brief the issue constitutes a waiver of the claim. See Yohey v. Collins, 985 F.2d 222, 224–25 (5th Cir. 1993).

5.  Arredondo devotes much of his brief to contesting the Center's assessment of his actions, essentially arguing that he did nothing wrong in transporting the consumer because the consumer was not violent and did not have a weapon. Arredondo contends that he was constructively discharged in retaliation for making the sexual harassment complaint and that the district court applied an incorrect standard to his claim. In support of his claim, Arredondo primarily relies on the time line of events and the temporal proximity of the harassment complaint to the end of his employment. As part of his case, Arredondo was required to put forth sufficient summary judgment evidence showing that he would not have lost his job but for the sexual harassment complaint. See Strong v. Univ. HealthCare Sys., L.L.C., 482 F.3d 802, 806 (5th Cir. 2007). Temporal

proximity alone is insufficient. Id. at 808. We conclude that the Center put forth a legitimate reason for the employment action and that Arredondo fails to show a genuine issue of material fact that the reason was pretextual. See id.

6. Arredondo also argues that the Center violated the ADA because the adverse employment action occurred because of a disability, specifically bipolar disorder and a learning disability, of which the Center was aware. To establish a prima facie case of discrimination under the ADA, Arredondo must show that (1) he suffers from a disability; (2) he is qualified for the job; (3) he was subjected to an adverse employment action; and (4) he was replaced by a non-disabled employee or treated less favorably than a non-disabled employee. See Seaman v. CSPH, Inc., 179 F.3d 297, 300 (5th Cir. 1999). The district court held that Arredondo was not disabled under the ADA. A disability within the meaning of the ADA is "a physical or mental impairment that substantially limits one or more of the major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(2). Although Arredondo has put forth evidence showing that he has been diagnosed with a mental impairment, he has not shown a disability because his exhibits also show that he does well with medication. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 482–83, 119 S. Ct. 2139, 2146–47 (1999) (holding that "[a] person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently 'substantially limits' a major life activity"). Individuals claiming disability status under the ADA may not rely merely on evidence of a medical diagnosis of an impairment but must present "'evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial.'" Toyota Motor Mfg., Ky., Inc. v. Williams,

534 U.S. 184, 198, 122 S. Ct. 681, 691-92 (2002) (citation omitted). Arredondo fails to show that his condition has substantially limited his major life activities, and on the record presented he fails to show a genuine issue of material fact that he is disabled. Further, assuming for the sake of argument that Arredondo could make out a prima facie case, he fails to show that the Center's reason for the employment action was a pretext for unlawful discrimination. See McInnis v. Alamo Comm. Coll. Dist., 207 F.3d 276, 280 (5th Cir. 2000).

7. To the extent Arredondo makes other arguments in his brief, some for the first time on appeal, we are not persuaded.

AFFIRMED.